**[J-59-2015 and J-60-2015]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

SUGARHOUSE HSP GAMING, LP,

        Appellant

        v.

PENNSYLVANIA GAMING CONTROL
BOARD,

        Appellee

STADIUM CASINO, LLC,

        Intervenor-Appellee

: No. 175 EM 2014
:
: Appeal from the Pennsylvania Gaming
: Control Board's November 18, 2014 Order
: granting Stadium Casino, LLC's
: Application for Licensure as a Category 2
: Slot Machine Licensee in the City of
: Philadelphia
:
:
:
: SUBMITTED:  August 27, 2015
:
:
:
:
:
:
:

MARKET EAST ASSOCIATES. LP,

        Petitioner

        v.

PENNSYLVANIA GAMING CONTROL
BOARD,

        Respondent

STADIUM CASINO, LLC,

        Intervenor

: No. 176 EM 2014
:
: Appeal from the Pennsylvania Gaming
: Control Board's November 18, 2014 Order
: granting Stadium Casino, LLC's
: Application for Licensure as a Category 2
: Slot Machine Licensee in the City of
: Philadelphia
:
: SUBMITTED:  August 27, 2015
:
:
:
:
:
:

## ORDER

**PER CURIAM**

    **AND NOW,** this 29th day of March, 2016, for the reasons expressed in the accompanying Opinion, the Order of the Gaming Control Board Court is hereby

**AFFIRMED** in part, **VACATED** in part, and the matter is **REMANDED** for further proceedings on the following issues.  First, regarding the question of the eligibility of Stadium Casino, LLC ("Stadium") to apply for a Category 2 slot machine license under 4 Pa.C.S. § 1304(a), the Board is directed to consider whether Watche Manoukian, as an affiliate of Stadium, was eligible to apply for a Category 1 slot machine license at the time Stadium applied for the Category 2 slot machine license which is the subject of this appeal.  Second, the Board is directed to consider whether the financial interest, if any, Manoukian may have in Stadium due to certain financial transactions and commitments of financial support he made during the application process violates the prohibitions in 4 Pa.C.S. § 1330.  Specifically, the Board should consider whether Manoukian, by virtue of his pledged commitment to

[redacted]

or through any other financial transaction, would possess, post-licensure, a financial interest in Stadium in excess of the 33.3% threshold established by Section 1330.

Jurisdiction relinquished.